Matter of Hershman (2022 NY Slip Op 05475)

Matter of Hershman

2022 NY Slip Op 05475

Decided on September 30, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed July 29, 2022.) 

&em;

[*1]MATTER OF ROBERT S. HERSHMAN, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of censure entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by the Appellate Division, Third Department on February 11, 1977, and he maintains an office in Rome, New York. In July 2020, the Grievance Committee filed a petition alleging against respondent four charges of professional misconduct, including violating certain rules governing attorney trust accounts, borrowing funds from a client without complying with certain rules pertaining to conflicts of interest, failing to comply with attorney registration requirements, and failing to cooperate in the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and this Court appointed a referee to conduct a hearing. Prior to the hearing, however, the parties filed a joint motion for discipline on consent wherein respondent conditionally admits that he has engaged in certain acts of professional misconduct and the parties request that the Court enter a final order imposing the sanction of public censure.
With respect to charge one, respondent conditionally admits that, from June 2017 to January 2018, funds were disbursed from his trust account on three occasions wherein the disbursement resulted in a shortfall in the account. Respondent admits that two of those disbursements occurred when bank charges were assessed against the account at a time when his own funds on deposit in the account were insufficient to pay the charges. Respondent admits that the third such disbursement occurred in 2017 in relation to a real estate transaction wherein respondent disbursed to himself trust account funds in the amount of $825. Respondent admits that, although when the funds were disbursed he identified the payment as necessary to pay a utility bill on behalf of the client, he was subsequently unable to produce documentation justifying the disbursement. Respondent also admits in relation to charge one that, on two occasions in July 2017, he withdrew funds from his trust account by means other than by check or authorized bank transfer to a named payee.
With respect to charge two, respondent conditionally admits that he failed to comply with attorney registration requirements for two consecutive biennial periods: 2016-2017 and 2018-2019.
With respect to charge three, respondent conditionally admits that, prior to July 2019, he borrowed funds from a client pursuant to a mortgage loan without obtaining from the client the required informed consent, confirmed in writing.
With respect to charge four, respondent conditionally admits that, from May 2018 through the present, he failed to respond in a timely manner to numerous written and oral requests from the Grievance Committee seeking information and documentation regarding the grievance matters that gave rise to charges one through three of the petition.
Motions for discipline by consent are governed by section 1240.8 (a) (5) of the Rules for Attorney Disciplinary Matters (22 NYCRR), which provides that, at any time after a petition is filed with this Court alleging professional misconduct against an attorney, the parties may file a joint motion requesting the imposition of discipline by consent. Such a motion must include a stipulation of facts, the respondent's conditional admission of acts of professional misconduct and specific rules or standards of conduct violated, any relevant aggravating and mitigating factors, and an agreed-upon sanction (see 22 NYCRR 1240.8 [a] [5] [i]). If the motion is granted, the Court must issue a decision imposing discipline upon the respondent based on the stipulated facts and as agreed upon in the joint motion. If the Court denies the motion, the respondent's conditional admissions are deemed withdrawn and may not be used in the pending proceeding (see 22 NYCRR 1240.8 [a] [5] [iv]).
In this case, we grant the joint motion of the parties and conclude that respondent's admissions establish that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.7 (a) (2)—representing a client in a matter where a reasonable lawyer would conclude that there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests, without obtaining from the affected client informed consent, confirmed in writing;
rule 1.8 (a)—entering into a business transaction with a client where they have differing interests and the client expects the lawyer to exercise professional judgment on behalf of the client, without obtaining from the client informed consent, confirmed in writing, regarding the essential terms of the transaction and the lawyer's role therein, including whether the lawyer is representing the client in the transaction;
rule 1.15 (a)—misappropriating funds belonging to another person and commingling personal funds with such funds that were received incident to his practice of law;
rule 1.15 (e)—withdrawing trust account funds in a manner other than by check or authorized bank transfer payable to a named payee;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
In addition, we conclude that respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.
In imposing the sanction requested by the parties, we have considered in mitigation of the aforementioned misconduct that the misappropriation of funds at issue in charge one appears to have been inadvertent, rather than intentional, and no clients were deprived of their funds. In addition, with respect to the instance of misappropriation that resulted in funds being disbursed directly to respondent, we note that respondent attempted to locate the client to whom the funds belong and, after those efforts were unsuccessful, he deposited the funds with the Lawyers' Fund for Client Protection for safeguarding pursuant to rule 1.15 (f). We have also considered respondent's statement that he has engaged the services of a certified public accountant to assist in the administration of his attorney trust account. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.